IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MATTHEW A. SHEPARD,

        Plaintiff,          Case No. 3:12-cv-149

vs.          Judge Thomas M. Rose

CAROLYN W. COLVIN,          Magistrate Judge Sharon L. Ovington
Acting Commissioner of Social Security,

        Defendant.

_____

**ENTRY AND ORDER OVERRULING SHEPARD'S OBJECTIONS (Doc. #13) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #12) IN ITS ENTIRETY; AFFIRMING THE COMMISSIONER'S FINAL NON-DISABILITY DETERMINATION AND TERMINATING THIS CASE**

_____

Matthew A. Shepard ("Shepard") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that he is not disabled and, therefore, not entitled to Social Security disability benefits. On May 20, 2013, United States Magistrate Judge Sharon L. Ovington entered a Report and Recommendations (doc. #12) recommending that the Commissioner's Decision be affirmed. Shepard subsequently filed Objections (doc. #13) and the Commissioner responded to Shepard's Objections (doc. #14). This matter is, therefore, ripe for decision.

Shepard sought financial assistance from the Social Security Administration by applying for Disability Insurance Benefits in September of 2007. Shepard claimed that he had been disabled since December 2, 2006, due to chronic back pain caused by bulging and deteriorated

1

discs, arthritis in back due to deteriorated discs, an anxiety disorder, arthritis in his left wrist and migraine headaches.

The Commissioner denied Shepard's application initially and on reconsideration. Administrative Law Judge ("ALJ") Peter B. Silvain ("Silvain") held a hearing following which he determined that Shepard is not disabled. The Appeals Council denied Shepard's request for review and ALJ Silvain's decision became the Commissioner's final decision. Shepard then appealed to this Court pursuant to 42 U.S.C. § 405(g).

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #12) and in Shepard's Objections (doc. #13) and the Commissioner's Response (doc. #14), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing affirms the Commissioner's decision that Shepard is not disabled in accordance with Social Security regulations.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the Administrative Law Judge's ("ALJ's") decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated*

*Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ's decision is supported by substantial evidence and the ALJ applied the correct legal criteria. WHEREFORE, Shepard's Objections to the Magistrate Judge's Report and Recommendations are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge in its entirety. The Commissioner's decision that Shepard is not disabled in accordance with Social Security regulations is affirmed. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

      **DONE** and **ORDERED** in Dayton, Ohio, this Seventeenth Day of June, 2013.

.                                          **s/Thomas M. Rose**

                                                     _____
                                                   JUDGE THOMAS M. ROSE
                                                   UNITED STATES DISTRICT COURT

Copies furnished to:
        Counsel of Record